**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 22 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICKY DEAN COLE,

Defendant - Appellant.

No. 96-5236

(N.D. Oklahoma)

(D.C. No. 96-CR-51-BU)

---

**ORDER AND JUDGMENT***

---

Before **ANDERSON**, **HENRY**, and **BRISCOE**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Ricky Dean Cole appeals his jury conviction for possession of PCP with intent to distribute in violation of 21 U.S.C. § 841(a)(1). He contends that the

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

district court abused its discretion by admitting, without a limiting instruction, evidence concerning a planned drug transaction for which he was not charged, and that it committed plain error by allowing other prejudicial testimony. We affirm.

Sometime in late January or early February 1996, Cole met Reva Akee at a club in Tulsa, Oklahoma. Appellant's Br. at 2. During the next few weeks, Cole told Akee that he had been in prison for drug violations, that "they had made him work when he was there," and that he "never wanted to work another day in his life." R. Vol. V at 38. Instead, he wanted to borrow money from Akee in order to set up a drug dealing business through a connection that he had in Dallas, Texas. Id. at 55-56. When Akee was unable to dissuade Cole from his scheme, she called the DEA to report his plans. Id. at 56-59. DEA agent Tom Huckabee answered the call and advised Akee to tell Cole that Huckabee was a friend of hers who might be interested in a deal. He further advised her to give Cole his pager number, and to tell him to leave a pager message if he had drugs to sell. Id. at 59, 102. Thereafter, Cole contacted Huckabee, asked for $5,000 to help set up a drug business, and proposed that Huckabee go with him on a trip to Dallas to purchase crack cocaine. Id. at 105-06. Shortly before the planned trip to Dallas, Cole paged Huckabee and informed him that he had sixteen ounces of PCP which

he had to sell immediately so that his brother could go to California to "re-up" or purchase more. Id. at 110.

Huckabee and Cole agreed to a meeting at the Ramada Inn parking lot. Id. at 111-12. DEA agents arrived early to set up to videotape the transaction, and Huckabee wore an audio transmitter so that his conversation with Cole could be simultaneously recorded on the videotape. R. Vol. VI at 120-21. Cole arrived with Akee as planned. Cole showed Huckabee a bottle of PCP which Huckabee smelled to verify, and, as soon as the two agreed on a price, Huckabee arrested Cole for attempting to sell PCP to undercover DEA agents. Id. at 130-32. At the police station Cole made additional inculpatory statements.[1] Id. at 144. Subsequently, the government obtained a single count indictment which charged Cole with possession with intent to distribute approximately sixteen ounces of PCP in violation of 21 U.S.C. § 841(a)(1). R. Vol. I, Tab 1.

A.    Evidence of Discussions Regarding Uncharged Activities

Citing Fed. R. Evid. 403, Cole moved for an order barring the government from introducing any evidence of the conversations concerning the planned trip to Dallas to purchase crack cocaine or of his felony or prison record. R. Vol. I, Tab 14 at 3-4. The government argued (1) that the conversations were part of the "res

---

[1]Cole does not appeal the denial of his motion to suppress those statements.

gestae" of the charged offense, and (2) alternatively, that they were admissible under Fed. R. Evid. 404(b) to show motive, knowledge, and intent. Id., Tab 12 at 8-14. The district court took Cole's motion under advisement, noting that it would rule "at the time the evidence comes up and [it could] see what context it comes up in and how it is going to be used." R. Vol. V. at 31.

Apparently, in her opening statement, Cole's counsel implied that Akee, and not Cole, had been the instigator of the PCP sale.[2] Id. at 37-38. In order to show that Cole had been planning to sell illegal drugs even before he met Akee, the government asked for a ruling on the introduction of evidence of Cole's conversations "from the get-go," regarding his Dallas connection, his attempts to borrow money to set up drug deals, and his prison experience. Id. at 37-38, 41. In a bench ruling immediately prior to the swearing in of the government's first witness, the district court granted Cole's 403 motion to the extent of excluding evidence of his prison and felony record. However, the court ruled that the government could introduce testimony about the "Dallas conversation as to what [Cole's] activity was." Id. at 41.

We review a district court's admission of evidence for abuse of discretion. Old Chief v. United States, 117 S. Ct. 644, 647 n.1 (1997); United States v.

---

[2]In pretrial filings and hearings, Cole also indicated that he might raise an entrapment defense. R. Vol. I, Tab 12 at 6-8, Tab 14 at 3; R. Vol. III at 8.

DeLuna, 10 F.3d 1529, 1531 (10th Cir. 1993). Initially, we observe that res gestae evidence and evidence admissible for one of the purposes specified in Fed. R. Evid. 404(b) "are not always separated by a bright line." United States v. Kimball, 73 F.3d 269, 272 (10th Cir. 1995). Although the district court in this case did not explicitly indicate which rationale governed its admission of the testimony concerning the Dallas trip, we find no abuse of discretion, since the evidence would be admissible under either standard.

Thus, "[e]vidence of other crimes should not be suppressed when those facts come in as res gestae--'as part and parcel of the proof of the [charged] offense.'" Id. (further noting that evidence is admissible when it provides the context for the crime, is essential to fully present the case, or is appropriate to fill out the story of the crime on trial) (internal quotations omitted); see also Old Chief, 117 S. Ct. at 653-654 (generally approving the "use of witnesses to describe a train of events naturally related"); United States v. Record, 873 F.2d 1363, 1372 (10th Cir. 1989) (noting that evidence of other acts is intrinsic if the witness' testimony would be incomplete or confusing without it). Especially in light of Cole's insistence that Akee induced him to sell the PCP, we conclude that the evidence of Cole's contemporaneous conversations regarding his plans and activities was not only naturally related to the crime charged, but also provided its structure and context and was essential to a full presentation and proof.

Moreover, the evidence would also be admissible under Fed. R. Evid. 404(b).  As set forth in Huddleston v. United States, 485 U.S. 681, 691-92 (1988), evidence of other wrongs or acts is properly admitted under Rule 404(b) if:  (1) it is offered for a proper purpose under the Rule; (2) it is relevant; (3) the trial court makes a Rule 403 assessment that the probative value is not substantially outweighed by the potential for unfair prejudice; and (4) the trial court, upon request, instructs the jury that the evidence is to be considered only for the proper purpose for which it was admitted.

Contrary to Cole's contention, no limiting instruction is required in the absence of a request pursuant to Fed. R. Evid. 105.  Id.  Additionally, the district court need not identify the purposes for admitting other acts testimony, so long as the purpose is apparent from the record.  United States v. Porter, 881 F.2d 878, 885 (10th Cir. 1989).  In this case, the evidence clearly goes to show Cole's intent, preparation, plan, and knowledge.  Furthermore, the court's express consideration of the testimony's admissibility in relation to the context in which it was offered, R. Vol. V at 31, evinces a proper Rule 403 balancing of its probative value against its potential for prejudice.[3]

---

[3]This balancing was further demonstrated by the court's simultaneous exclusion of any felony or prison record evidence.

B.    Other Testimony -- Plain Error

Although Cole did not object at trial, he now contends that the government elicited testimony concerning a number of matters which were irrelevant to the charged criminal act, and which were so prejudicial that they constitute plain error which must be corrected.  The complained-of testimony includes Akee's statements that Cole explained the use of PCP in combination with other drugs, that Cole told her his parents kept drugs on their property, that he told her he wanted to "rip-off" his brother by telling him Akee had been "busted" before they had been able to complete the PCP sale, and that he threatened her with harm if anything went wrong.  Cole further complains of plain error on the admission of Huckabee's testimony implying that Cole used "too much of his product" and that dope dealers are "greedy." Appellee's Br. at 11-13.

Before an appellate court can correct an error that was not raised at trial there must be (1) an "error," (2) that is "plain" or obvious, and (3) that "affect[s] substantial rights." Johnson v. United States, 117 S. Ct. 1544, 1549 (1997) (quoting United States v. Olano, 507 U.S. 725, 732 (1993)).  An error affects substantial rights if it is prejudicial, i.e. if it affected the outcome of the proceedings. Olano, 507 U.S. at 734.  In all cases, the defendant bears the burden to show prejudice from plain error. Id.  Additionally, after all other criteria are satisfied, an appellate court may exercise its discretion to notice a forfeited error

only if the error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." <u>Johnson</u>, 117 S. Ct. at 1549 (quoting <u>Olano</u>, 507 U.S. at 732).

In this case, the government presented overwhelming evidence of Cole's guilt of the crime charged, including the audio/video tape of the transaction, and Cole's own subsequent inculpatory statements. Under the circumstances, Cole has not carried his burden of demonstrating prejudice. Consequently, we lack authority to correct any error he now claims. <u>See</u> <u>Olano</u>, 507 U.S. at 732.

Accordingly, we AFFIRM.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge